IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

EDWARD J. NAZAR, et al,
       Plaintiffs

Case No. 2:07- CV-2025-JWL

v
WOLPOFF & ABRAMSON, LLP
       Defendants

MEMORANDUM AND ORDER

NOW ON THIS 3rd day of October, 2007, the above-noted matter comes before his Court for consideration of the motion of Plaintiff Edward J. Nazar (Doc. 19) seeking relief from the Order (doc 16) entered on February 15, 2007.

In early September, 2007 the parties – apparently for the first time --became aware that the wrong document was presented to the Court for consideration almost seven months hence.   The Court finds fault with both parties with regard to the delay.

First, Respondent could have investigated which agreement bound Plaintiff Nazar to arbitrate disputes with Wolpoff before it submitted a Motion and supporting Affidavits.   Second, if Wolpoff erroneously asserted that an MBNA Agreement applied, Plaintiff could have brought this fact to the attention of the Court much sooner.

It is clear to the Court  that each counsel could have acted more diligently and thoroughly to bring this error to light sooner;  however, the Court also finds that the error was not borne of an intent to deceive or mislead this Court.   Apparently, this oversight was an honest mistake.

While neither counsel is wholly blameless, the Court finds that the rights of the parties should be determined on the basis of correct information;  indeed, the parties now agree that the correct information was NOT before the Court when it ruled on February 15, 2007.    Consequently,  it is now appropriate to review whether arbitration should be compelled under an Agreement between Ms. Betty Parks and Discover Bank.  Unlike the MBNA Agreement -- which is admittedly unclear as to  which parties may compel arbitration -- the Court finds no ambiguity in the way the Discover Bank agreement defines which parties may compel arbitration.

The Arbitration Clause of the Discover Bank credit agreement clearly and unambiguously defines which entities may compel arbitration of disputes.

> ARBITRATION OF DISPUTES.  In the event of any past, present or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or relating to your account, any prior account you have had with us, your application, the relationships which result from your Account or the enforceability or the scope of this arbitration provision, of the Agreement or of any prior agreement, you or we may elect to resolve the dispute by binding arbitration.

The final phrase unambiguously provides that either you  (in this instance, Ms. Parks, the bankrupt)  or we (in this instance, Discover Bank) may elect to resolve the dispute by binding arbitration.    The Court finds that this language is clear and

unambiguous:  *Ms. Parks* and *Discover Bank*  may elect arbitration, but Wolpoff & Abramson may not.

Accordingly, IT IS ORDERED ADJUDGED AND DECREED that the Court's Order of  February 15, 2007 (Doc. 16) is set-aside and vacated with respect to Plaintiff Nazar's claims against Defendant Wolpoff.  The remaining terms of the Order Compelling Arbitration,  however, are hereby AFFIRMED.

IT IS FURTHER ORDERED THAT Defendant's Motion to Compel Arbitration is DENIED with respect to the claims alleged by Mr. Nazar against Wolpoff.

IT IS FURTHER ORDERED that this case is referred to the Honorable James P. O'Hara, Magistrate Judge for the purpose of conducting a scheduling conference and all further pretrial proceedings.

IT IS SO ORDERED.

s/ John W. Lungstrum
United States District Court