**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**EDWARD J. NAZAR in his capacity as**
**Chapter 7 Bankruptcy Trustee for**
**Betty Parks, et al.,**

    **Plaintiffs,**

    **v.**                                         **Case No.  07-2025-JWL**

**WOLPOFF & ABRAMSON, LLP,**

    **Defendant.**

_____

**MEMORANDUM AND ORDER**

This lawsuit arises from the debt collection practices of the law firm of Wolpoff & Abramson, LLP. Plaintiffs are three Chapter 7 bankruptcy trustees for three different debtors who had credit card accounts which were the subject of Wolpoff's collection efforts. On November 1, 2007, plaintiffs filed a first amended complaint in this case. This matter is currently before the court on Defendant's Motion to Strike in Part, and Dismiss in Part, the First Amended Complaint (doc. #35) as well as plaintiff Nazar's Motions for Partial Summary Judgment Declaring Wolpoff & Abramson Liable for Violations of the Kansas Consumer Protection Act (docs. #23 & #26). For the reasons explained below, Wolpoff's motion is granted and, consequently, plaintiff Nazar's motions are denied as moot.

## PROCEDURAL BACKGROUND

The plaintiffs in this lawsuit are Edward J. Nazar in his capacity as Chapter 7 bankruptcy trustee for debtor Betty Parks, Steven L. Speth in his capacity as Chapter 7 bankruptcy trustee for debtor Audra L. Miller, and Carl B. Davis in his capacity as Chapter 7 bankruptcy trustee for debtor Connie Pontius. On February 15, 2007, the court issued a Memorandum & Order (doc. #16) compelling arbitration of all three plaintiffs' claims under the terms of their credit card account agreements with MBNA America Bank, NA. During discovery in the arbitration proceeding, the parties discovered that the underlying credit card agreement with Ms. Parks was actually issued by Discover Bank, not MBNA, and it contained a different arbitration provision. Plaintiff Nazar moved for reconsideration of the court's prior order compelling arbitration as to her claims only, and Wolpoff stated that it did not oppose the motion in light of the facts discovered after the court issued its order compelling arbitration. Consequently, on October 3, 2007, the court issued an order (doc. #21) vacating its prior order as to plaintiff Nazar's claims against Wolpoff because the applicable arbitration provision only permitted Ms. Parks or Discover Bank, not Wolpoff, to demand arbitration. The court referred further proceedings on plaintiff Nazar's claims to the Honorable James P. O'Hara, United States Magistrate Judge, for pretrial proceedings.

On October 13, 2007, and October 20, 2007, plaintiff Nazar filed motions for partial summary judgment (docs. #23 & #26) in which he seeks summary judgment relating to prior arbitration proceedings initiated in November of 2003 and January of 2004 by Wolpoff on behalf of Discover Financial Services, Inc. against Ms. Parks.

On November 1, 2007, plaintiffs filed a first amended complaint (doc. #31). Wolpoff responded by filing a motion (doc. #35) to strike in part, and dismiss in part, the first amended complaint. Therein, Wolpoff argues that the amendments with respect to plaintiffs Speth and Davis's claims should be stricken because the court has stayed litigation on those claims pending arbitration and Wolpoff contends that the first amended complaint violates the stay by continuing to litigate those two plaintiffs' claims in this court. In the motion, Wolpoff further argues that the court should dismiss plaintiff Nazar's claims on various legal grounds. And, Wolpoff asks the court to dismiss the new class action count on the ground that no suitable class representative remains.

## DISCUSSION

For the reasons explained below, the court will grant Wolpoff's motion to strike as to any amendments to the complaint asserted by plaintiffs Speth and Davis, whose claims are stayed pending completion of arbitration. As to Wolpoff's motion to dismiss, the court will convert the motion to one for summary judgment and will grant summary judgment as to the claims of plaintiff Nazar on the grounds that Counts I and II are an impermissible collateral attack on the underlying arbitration awards, the equitable relief sought by plaintiff Nazar seeks an impermissible advisory ruling, and the class action claim (Count VIII) must be dismissed because it is derivative of plaintiffs' substantive claims. In light of that ruling, plaintiff Nazar's motions for summary judgment are denied as moot.

**I.     Motion to Strike**

Wolpoff moves to strike the amendments set forth in plaintiff's first amended complaint insofar as they pertain to the claims of plaintiffs Speth and Davis. Wolpoff points out that the court has compelled arbitration of and stayed their claims, and it argues that any new matter asserted on their behalf in the first amended complaint violates the stay by continuing to litigate their claims in this forum. Rule 12(f) of the Federal Rules of Civil Procedure provides that the court "may strike from a pleading . . . any redundant, immaterial, [or] impertinent . . . matter." Fed. R. Civ. P. 12(f). The first amended complaint is redundant insofar as it reasserts the claims originally asserted by plaintiffs Speth and Davis, and it is immaterial and impertinent insofar as it asserts any new material on behalf of Speth and Davis because their claims are stayed pending completion of arbitration. Thus, striking the first amended complaint as to their claims appears to be warranted here. Indeed, plaintiffs Speth and Davis have not filed any response to the motion to strike, and therefore the court considers it unopposed. *See* D. Kan. Rule 7.4 ("If a respondent fails to file a response within the time required . . . , the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice."). Accordingly, the court will grant Wolpoff's motion to strike the first amended complaint as to the claims of plaintiffs Speth and Davis, which include Counts III-VII.

## II. Motion to Dismiss

Plaintiff Nazar's claims against Wolpoff arise from two arbitration proceedings. In resolving Wolpoff's motion to dismiss, the court begins by noting that plaintiff Nazar attached to his response brief copies of the arbitration claims, responses, and awards from

those two arbitration proceedings. With respect to documents that are not referred to in the complaint and/or are not central to a plaintiff's claims, it is well established that the court must convert a motion to dismiss into a motion for summary judgment if it relies upon material from outside the complaint. *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 713 (10th Cir. 2005). Upon converting the motion to one for summary judgment, the court "must provide the parties with notice so that all factual allegations may be met with countervailing evidence." *Id.* The required notice may be actual or constructive. *David v. City of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996). The submission of evidentiary materials by the movant, the nonmovant, or both of them constitutes sufficient notice. *Id.* The court has discretion in deciding whether to convert a motion to dismiss into a motion for summary judgment by accepting or rejecting the attached documents. *Poole v. County of Otero*, 271 F.3d 955, 957 n.2 (10th Cir. 2001). In this case, the documents attached to plaintiff's response brief are helpful to a more thorough understanding of the nature of the underlying arbitration proceedings. Consequently, the court will exercise its discretion and accept those documents in resolving the motion, thus converting it to one for summary judgment. *See, e.g.*, *Alexander v. Oklahoma*, 382 F.3d 1206, 1214 (10th Cir. 2004) (conversion was appropriate where plaintiffs presented materials beyond the pleadings in opposition to defendants' motion to dismiss); *Arnold v. Air Midwest, Inc.*, 100 F.3d 857, 859 n.2 (10th Cir. 1996) (same).

*A.     Facts*[1]

Counts I and II of the first amended complaint arise from Wolpoff's alleged misconduct during two different arbitration proceedings against Ms. Parks. In both of the proceedings, agents of Wolpoff submitted and prosecuted arbitration claims with the National Arbitration Forum on behalf of Discover Financial Services, Inc. against Ms. Parks arising from her alleged non-payment of credit card debts. The first proceeding (Count I) was initiated on November 3, 2003. In that arbitration claim, Discover sought the amount allegedly in default of $10,091.63 plus attorney fees in the amount of $1,009.16. In Ms. Parks' response, she stated (among other things) that the arbitration request should be summarily dismissed because she did not agree to arbitrate any such disputes. The arbitration proceeding was terminated with an award issued on February 2, 2004. The arbitrator specifically found that the parties entered into an agreement providing that the matter should be resolved through binding arbitration and that the parties had the opportunity to present all evidence and information to the arbitrator. The arbitrator issued an award in favor of Discover and against Ms. Parks in the amount of $10,139.53.

The second proceeding (Count II) was initiated on January 7, 2004. In that arbitration claim, Discover sought the amount allegedly in default of $4,546.99 plus attorney fees in the amount of $454.69. In Ms. Parks' response, she once again stated (among other things) that

---

[1] Consistent with the well established standard for evaluating a motion for summary judgment, the following facts are either uncontroverted or stated in the light most favorable to plaintiff, the nonmoving party.

the arbitration request should be summarily dismissed because she did not agree to arbitrate any such disputes. The arbitration proceeding was terminated with an award issued on March 26, 2004. The arbitrator specifically found that the parties entered into an agreement providing that the matter should be resolved through binding arbitration and that the parties had the opportunity to present all evidence and information to the arbitrator. The arbitrator issued an award in favor of Discover and against Ms. Parks in the amount of $5,421.68.

Counts I and II of the first amended complaint allege that the actions of Wolpoff's agents during those arbitration proceedings constituted the unauthorized practice of law in Kansas and, furthermore, that Ms. Parks responded to the claims for arbitration by disputing the existence of a binding arbitration agreement. Plaintiff Nazar seeks a declaration that these actions violated the Kansas Consumer Protection Act, constituted the unauthorized practice of law in Kansas, and that the arbitration awards should be vacated and set aside as a legal nullity because they were entered by arbitrators lacking authority to hear the arbitration claims. He seeks statutory damages and attorney fees, as well as injunctive relief prohibiting Wolpoff from engaging in the alleged misconduct. Count VIII of the first amended complaint asserts a class action claim with plaintiffs Nazar, Speth, and Davis representing the putative plaintiff classes. Wolpoff now moves the court to dismiss Counts I, II, and VIII on various grounds.

### B. *Summary Judgment Standard*

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of

law." Fed. R. Civ. P. 56(c).  In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002).  A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).  An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324.  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.  *Anderson*, 477 U.S. at 256; *Eck*

*v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001). Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant." *Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671). To accomplish this, the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

    *C.*    *Discussion*

        1.    Counts I & II of the First Amended Complaint[2]

Wolpoff argues that Counts I and II must be dismissed on the ground that plaintiff Nazar cannot collaterally attack the arbitration award because the exclusive remedy for challenging the arbitration award is the framework established by the Federal Arbitration Act (FAA), and plaintiff Nazar failed to file the required motion to set aside the arbitration award within the three-month period deadline established by the FAA. Congress enacted the FAA

---

[2] Wolpoff also contends that Counts I and II must be dismissed as precluded under the doctrines of res judicata and collateral estoppel, and that the claims for violations of the KCPA are barred by the applicable three-year statute of limitations. The court declines to address these arguments because the court finds that summary judgment is warranted on other grounds.

-9-

to ensure that the courts uphold private arbitration agreements. *Foster v. Turley*, 808 F.2d 38, 41 (10th Cir. 1986). Thus, the FAA "provides the exclusive remedy for challenging conduct that taints an arbitration award within the Act's coverage." *Id.* (citing *Corey v. New York Stock Exch.*, 691 F.2d 1205, 1211-13 (6th Cir. 1982)). Consequently, where "a suit is in substance no more than a collateral attack on the award itself, it is governed by the provisions of the Act." *Id.* (citing *Corey*, 691 F.2d at 1211-13).

The seminal case on this issue is *Corey v. New York Stock Exchange*, 691 F.2d 1205, 1212 (6th Cir. 1982). There, the Sixth Circuit explained that Sections 10, 11, and 12 of the Federal Arbitration Act (FAA) provide a mechanism whereby parties to an arbitration proceeding may obtain judicial review, that the scope of review is limited by these provisions, and that the FAA provides the exclusive remedy for challenging an award. *Id.* at 1212. Furthermore, § 12 of the FAA requires that notice of a motion to vacate, modify, or correct an award must be served on the adverse party within three months after the award is filed or delivered, and failure to comply with this deadline forfeits the right to judicial review of the award. *Id.* The court noted that the three-month notice requirement in § 12 for an appeal of the award on § 10 or § 11 grounds is "meaningless if a party to the arbitration proceedings may bring an independent action asserting such claims outside of the statutory time period provided for in section 12." *Id.* at 1213. The court reasoned that the claims of the plaintiff in that case (Corey)

> constitute[d] a collateral attack against the award even though Corey [was] presently suing a different defendant than his original adversary in the arbitration proceeding and is requesting damages for the acts of wrongdoing

-10-

> rather than the vacation, modification or correction of the arbitration award. . . . Corey's complaint [had] no purpose other than to challenge the very wrongs affecting the award for which review is provided under section 10 of the Arbitration Act. . . . Very simply, Corey did not avail himself of the review provisions of section 10 of the Arbitration Act and may not transform what would ordinarily constitute an impermissible collateral attack into a proper independent direct action by changing defendants and altering the relief sought.

*Id.* at 1213.

Similarly, here, Counts I and II of the first amended complaint are in substance a collateral attack on the underlying arbitration awards. The wrongdoing alleged in those claims is essentially that Wolpoff's agents who prosecuted the arbitration proceeding engaged in the unauthorized practice of law in Kansas and, therefore, Ms. Parks should not have been required to pay attorney fees to reimburse Discover for their legal services. And, furthermore, when Ms. Parks responded to the arbitration claim by disputing the existence of a binding arbitration agreement Wolpoff proceeded forward with the arbitration without investigating the arbitrability of the disputes. Then, Wolpoff tried to collect on the arbitration award from Ms. Parks even though the award was rendered by an arbitrator who allegedly lacked authority to resolve Discover's arbitration claim. Regardless of how these allegations are labeled (e.g., as violations of the Kansas Consumer Protection Act, the unauthorized practice of law, etc.), their overall thrust is that Wolpoff's alleged wrongdoing tainted the arbitration proceedings and resulted in an erroneous award against it. But, "where a party files a complaint in federal court seeking damages for an alleged wrongdoing that compromised an arbitration award and caused the party injury, it 'is no more, in substance,

than an impermissible collateral attack on the award itself.'" *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906, 910 (6th Cir. 2000) (quoting *Corey*, 691 F.2d at 1211-12).  Ms. Parks or plaintiff Nazar could have pursued the relief sought in this separate lawsuit by filing a motion to vacate the arbitration award under the FAA by claiming that the arbitration awards were procured by undue means, that the arbitrators were guilty of misconduct by refusing to hear pertinent evidence, and/or that the arbitrators exceeded their powers.  9 U.S.C. § 10(a)(1), (3) & (4).  Having failed to pursue the exclusive remedy provided under the FAA for challenging conduct that taints arbitration awards, *Foster*, 808 F.2d at 41-42, plaintiff Nazar may not now seek to collaterally attack those awards.  *See, e.g.*, *Decker*, 205 F.3d at 909 (an independent action asserting tortious interference and breach of contract claims was impermissible collateral attack on arbitration award); *Nickoloff v. Wolpoff & Abramson, L.L.P.*, 511 F. Supp. 2d 1043, 1044 (C.D. Cal. 2007) (claim for unlawful debt collection practices based on conduct during arbitration proceeding was barred under the principles set forth in *Decker*).

Plaintiff Nazar nonetheless relies on *MBNA Am. Bank, N.A. v. Credit*, 281 Kan. 655, 132 P.3d 898 (2006), for the proposition that whenever a party disputes the existence of an agreement to arbitrate, the issue must be settled by a court before the arbitrator may proceed. *Id.* at 658; 132 P.3d at 900.  Certainly, plaintiff Nazar's reliance on *Credit* is correct insofar as he cites it for the general proposition that the question of whether the parties have agreed to arbitrate must ordinarily be decided by the court.  But his reliance on *Credit* is misplaced because *Credit* came to the court based on various pleadings by the pro se plaintiff that the

court construed as a motion to vacate the arbitration award and, importantly, the court found that the record did not establish that the arbitration award had been served on the plaintiff more than three months before the motion to vacate. *Id.* at 659-60, 132 P.3d at 901-02. In contrast, in this case the arbitration awards attached to plaintiff Nazar's response contain certificates of service stating that copies of the awards were mailed to Ms. Parks on February 2, 2004, and March 26, 2004. This was nearly three years before plaintiff Nazar filed his state court petition on December 14, 2006, which is the first court-filed document that could plausibly be construed as a motion to vacate. This was obviously well beyond the three-month deadline for filing a motion to vacate as set forth in 9 U.S.C. § 12. Thus, unlike the pleadings at issue in *Credit*, which involved a timely filed motion to vacate the arbitration award, plaintiff Nazar's belatedly filed challenge to the arbitration award here cannot be construed as a motion to vacate but instead must be viewed as an impermissible collateral attack. As such, it is too late for the court to review this issue.

The court further notes that the arbitrators in both proceedings issued specific findings that before commencement of the respective arbitration proceedings the parties had entered into an agreement providing that the matter was to be resolved through binding arbitration. Although the question of arbitrability is a threshold issue that ordinarily would be resolved by the court, that issue is to be decided by the arbitrator where the parties have clearly and unmistakably provided so. *AT&T Techs. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986); *Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 779 (10th Cir. 1998). Here,

the parties previously submitted to the court a copy of Ms. Parks' agreement with Discover and it contains the following arbitration provision:

> ARBITRATION OF DISPUTES. In the event of any past, present or future claim or dispute (whether based upon contract, tort, statute, common law or equity) between you and us arising from or relating to your Account . . . **or the enforceability or scope of this arbitration provision** . . . you or we may elect to resolve the claim or dispute by binding arbitration.

Motion to Reconsider and for Relief From Order (doc. #19), Ex. 2 (emphasis added). Under this provision, the parties to the arbitration agreement clearly and unmistakably provided that either could elect to have the issue of the enforceability of the arbitration provision be decided by the arbitrator. Consequently, this is not a case in which the "arbitrators exceeded their powers," 9 U.S.C. § 10(a)(4), in deciding this issue instead of referring it to the court such that their doing so would have provided a valid basis to vacate the awards in any event. *Cf. Daugherty v. Washington Square Secs., Inc.*, 271 F. Supp. 2d 681, 694-95 (W.D. Pa. 2003) (arbitration panel did not exceed its powers by not referring the issue of arbitrability to the court where the arbitration panel's decision was in fact correct).

In sum, there is no disputed issue of material fact that in Counts I and II plaintiff Nazar is requesting damages for Wolpoff's alleged acts of wrongdoing during the underlying arbitration proceedings. As such, those claims constitute an impermissible collateral attack on the underlying arbitration awards. Accordingly, the court will grant summary judgment in favor of Wolpoff on these claims.

### 2. Claim for Injunctive Relief

Also in Counts I and II, plaintiff Nazar seeks an order enjoining Wolpoff from the unauthorized practice of law in Kansas. Wolpoff argues that these claims are moot because they arise out of past conduct and therefore no live case or controversy exists authorizing equitable relief. Article III, § 2 of the Constitution limits this court's jurisdiction to actual "cases" and "controversies." U.S. Const. Art. III, § 2, cl. 1. Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. *Ward v. Utah*, 321 F.3d 1263, 1269 (10th Cir. 2003); *see also McAlpine v. Thompson*, 187 F.3d 1213, 1216 (10th Cir. 1999) (noting that a plaintiff cannot maintain a declaratory or injunctive action unless he or she can demonstrate a good chance of being injured by the defendant in the future). In plaintiff Nazar's response brief, he expressly concedes that he no longer requires an injunction preventing Wolpoff from further prosecuting Discover's arbitration claim against Ms. Parks because that arbitration is "long since closed." Plaintiff Nazar nonetheless asks the court to "exercise its plenary judicial power to define and regulate the practice of law within the State of Kansas so that no further violations occur within Kansas." He argues that a determination as to whether Wolpoff's representation of creditors before Kansas arbitration panels constitutes the unauthorized practice of law will provide "direction and guidance" to members of the bar and consumers alike. But Article III's case or controversy limitation prohibits federal courts from issuing advisory opinions. *United States v. Chavez-Palacios*, 30 F.3d 1290, 1292-93 (10th Cir. 1994). Because plaintiff Nazar has not demonstrated that he suffers any continuing, present adverse effects from Wolpoff's prosecution of arbitration

claims against Ms. Parks, he has not demonstrated the existence of a case or controversy that might potentially warrant injunctive relief. Accordingly, the court will also grant summary judgment in favor of Wolpoff on plaintiff Nazar's claims for injunctive relief.

### 3. Plaintiffs' Class Action Claim (Count VIII)

Finally, Wolpoff argues that the court should dismiss the class action claim in the first amended complaint because all of plaintiff Nazar's claims are barred and the claims of plaintiffs Speth and Davis are stayed pending arbitration. The court has, of course, stricken the first amended complaint insofar as it contains claims asserted on behalf of plaintiffs Speth and Davis. Therefore, plaintiff Nazar is the only putative class representative remaining. "To have standing to sue as a class representative it is essential that a plaintiff . . . be a part of that class, that is, he [or she] must possess the same interest and suffer the same injury shared by all members of the class he [or she] represents." *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216 (1974); *see also Rector v. City of Denver*, 348 F.3d 935, 949 (10th Cir. 2003). Because the court is granting summary judgment on plaintiff Nazar's individual claims, he no longer shares the same interest as the other members of the putative plaintiff class and he has not demonstrated a legally cognizable injury. As such, he lacks standing to sue as a class representative. In fact, he does not even dispute this point. In the absence of any class representative, then, summary judgment is also granted on plaintiff Nazar's class action claim. *See, e.g.*, *Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir. 1994) (affirming denial of motion for class action certification as moot where summary judgment was granted on individual claims).

**IT IS THEREFORE ORDERED BY THE COURT THAT** Defendant's Motion to Strike in Part, and Dismiss in Part, the First Amended Complaint (doc. #35) is granted. The claims of plaintiffs Speth and Davis (as set forth in plaintiffs' original state court petition) remain stayed pending completion of the arbitration process. Summary judgment is granted as to the claims of plaintiff Nazar.

**IT IS FURTHER ORDERED THAT** plaintiff Nazar's Motions for Partial Summary Judgment Declaring Wolpoff & Abramson Liable for Violation of the Kansas Consumer Protection Act (docs. #23 & #26) are denied as moot.

**IT IS SO ORDERED** this 2nd day of January, 2008.

>  s/ John W. Lungstrum
>  John W. Lungstrum
>  United States District Judge